# CIRCUIT COURT OF THE CITY OF RICHMOND

Donald Gaskin

v.

Capital Region
Airport Commission

March 18, 1998

Case No. LC-2749-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the defendant, the Capital Region Airport Commission, has moved to change venue to the Circuit Court of Henrico County. After the argument, on the defendant's request, the court took the matter under advisement and counsel have since filed letter memoranda in support of and in opposition to the motion. The court decides that the motion ought to be granted.

In this case plaintiff alleges that he was injured in a slip and fall at the Richmond International Airport, located in Henrico County. The defendant is a political subdivision created by an Act of the Virginia General Assembly, 1980 Virginia Acts of Assembly 380, which owns, operates, and maintains the airport.

There is no dispute between the parties that the defendant does not conduct business in the City of Richmond. The sole basis for venue here according to plaintiff is § 8.01-300(3). Under this section the Legislature has authorized service of process in the case of political subdivisions to be made on the "director, commissioner, chief administrative officer, attorney, or any member of the governing body of such entity ... ." Plaintiff argues that since four of the members of the Commission are from Richmond venue is proper under § 8.01-262(2) because in the words of this statute "the defendant ... . has appointed an agent to receive process or such agent has been appointed by operation of law." In other words, in view of § 8.01-300(3), venue is proper

here because that statute "appoints" any commissioner an agent to receive process within the meaning of § 8.01-262(2).

The fallacy in the argument is that § 8.01-300 does not deal with a defendant appointing anyone for service. Rather the statute in the (3) part makes any of the persons occupying the described positions subject to service of process for a political subdivision. Section 8.01-262(2), on the other hand, speaks to situations where a defendant appoints another or by operation of law is deemed to appoint another for the purpose of receiving process. Again, § 8.01-300(3) merely describes who can receive process for a political subdivision. This statute does not speak to appointing anyone for purposes of receiving service of process. (The records show that service was made on the Director of the airport at his office at the airport in Henrico County.)

Based on the foregoing reasons, it is not necessary for the court to deal with the other issues raised in the memoranda. Mr. Orgain can prepare and submit a draft for order granting the motion for change of venue with plaintiff's exceptions noted.